RATTET, PASTERNAK & GORDON-OLIVER, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Jonathan S. Pasternak
Dawn K. Arnold, Esq.
Jared A. Ullman, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Chapter 11
                                                          Case No. 10-14864 (MG)
OMC, INC.

                              Debtor.
------------------------------------------------------------X

## AFFIRMATION PURSUANT TO LOCAL RULE 9077-1(a)

JONATHAN S. PASTERNAK, ESQ., hereby affirms the following:

1.      Deponent is an attorney duly admitted to practice before this Court and the Courts

of the State of New York.

2.      Deponent submits this Affirmation pursuant to S.D.N.Y. LBR 9077-1(a) in further

support of the Debtor's Applications For:

a)  Debtor's Motion for Order Seeking Authority (I) Scheduling a Preliminary Hearing on
    Debtor's Motion Requesting Use Of Cash Collateral Pursuant to Bankruptcy Code
    Section 363(c)(2), (II) Authorizing the Debtor's Use of Cash Collateral on an Interim
    Basis and Providing Adequate  Protection Therefor and (III) and Scheduling a Final
    Hearing (the "Cash Collateral Motion"); and

b)  Application for Authorization for the Debtor to (1) pay and honor certain prepetition
    claims for (i) wages, salaries, employee benefits and other compensation, (ii)
    withholdings and deductions and (iii) reimbursable expenses; (2) continue to provide
    employee benefits in the ordinary course of business; (3) pay all related costs and
    expenses; and (B) directing banks to receive, process, honor and pay all checks
    presented for payment and electronic payment requests relating to the foregoing (the
    "Employee Payroll Motion").

1

(collectively, the "First Day Motions")

3.      It is necessary for the Debtor to proceed by Order to Show Cause rather than Notice of Motion because the Debtor needs the immediate relief sought in the First Day Motions in order to avoid irreparable injury.

4.      Unless the Debtor is authorized to use cash collateral pursuant to Bankruptcy Code section 363(C)(2) they will be unable to pay imminent and necessary operating expenses including payroll, insurance, materials and other expenses that need to be paid immediately. The expenses set forth in the Budget annexed to the Application, specifically set forth in the fifteen (15) day budget, are the basic minimum critical expenses which the Debtors must fulfill in order to keep their doors open and were the Debtor required to comply with the fourteen (14) day notice requirement, it would be unable to operate.

5.      Furthermore, as set forth more fully therein, the relief sought in the Employee Wage Motion is critical to the continued operations of the Debtor in order to avoid any disruption in workforce, especially during this very sensitive time when the Debtor is in the process of transitioning into Chapter 11.

6.      It is in all parties' best interests for the Debtor to timely meet its obligations and preserve the value of the Debtor's estate for the benefit of creditors.

**WHEREFORE**, your Deponent respectfully requests the entry of the scheduling Order together with such other and further relief as is proper.

Dated: Harrison, New York
     September 16, 2010

                                   */s/ Jonathan S. Pasternak*
                                   Jonathan S. Pasternak