RATTET, PASTERNAK & GORDON-OLIVER, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

Jonathan S. Pasternak, Esq.
Dawn K. Arnold, Esq.
Jared A. Ullman, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                             Case No. 10-14864 (MG)
OMC, INC.

        Debtor.
------------------------------------------------------------X

**MOTION OF THE DEBTOR FOR AN ORDER (A) SCHEDULING A HEARING ON SHORTENED NOTICE AUTHORIZING THE DEBTOR TO (1) PAY AND HONOR CERTAIN PREPETITION CLAIMS FOR (I) WAGES, (II) WITHHOLDINGS, (III) UNION DEDUCTIONS, AND (IV) OTHER DEDUCTIONS; (2) CONTINUE TO PROVIDE EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS; AND (3) PAY ALL RELATED COSTS AND EXPENSES; AND (B) DIRECTING BANKS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS PRESENTED FOR PAYMENT AND ELECTRONIC PAYMENT REQUESTS RELATING TO THE <u>FOREGOING</u>**

**TO: THE HONORABLE MARTIN GLENN,
   UNITED STATES BANKRUPTCY JUDGE:**

   The above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>"), by its proposed attorneys, Rattet, Pasternak & Gordon-Oliver, LLP hereby submits this motion (A) scheduling a hearing on shortened notice authorizing the Debtor to, (1) pay and honor certain prepetition claims for (i) wages, (ii) withholdings, (iii) union deductions, and (iv) other deductions; (2) continue to provide employee benefits in the ordinary course of business; (3) pay all related costs and expenses; and (B) directing banks to receive, process, honor and pay all checks presented for

payment and electronic payment requests relating to the foregoing (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a), 363(b) and 507(a)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**BACKGROUND**

3. On September 15, 2010 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4. Thereafter the instant proceedings were referred to Your Honor for administration under the Bankruptcy Code.

5. The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

6. Since 1986, the Debtor has been and continues to be a leading provider of subcontracting services in the commercial heating ventilation and air conditioning ("HVAC") industry. The Debtor provides several HVAC services for its general contractors, including drafting, fabrication and installation of sheet metal ductwork for commercial buildings. The Debtor principally operates in the New York Metropolitan area, and is located at 4010 Park Avenue, Bronx, New York 10457.

## RELIEF REQUESTED

7. In total, the Debtor employs forty-eight (48) employees. The employees can be broken down into five separate categories, including:

  i. Five (5) operational and administrative staff employees ( "<u>Office Employees</u>");

  ii. Thirty-Seven (37) Local 28 union employees ( "<u>Local 28 Union Employees</u>");

  iii. One (1) Local 43 union handler ("<u>Local 43 Union Handler</u>");

  iv. Three (3) Local 28 union handlers ("<u>Local 28 Union Handlers</u>"); and

  v. Two (2) Local 282 union employees ("<u>Local 282 Union Employees</u>").

(collectively, the Local 28 Union Employees, Local 43 Union Handler, Local 28 Union Handlers and Local 282 Union Employees are hereinafter the "<u>Union Employees</u>")

8. The Office Employees and Union Employees are critical to the successful reorganization of the Debtor as they are essential to the Debtor's continued day to day operations. Specifically, the Office Employees and Union Employees perform a variety of critical functions, including, many construction, operational, administrative, financial, analytical, secretarial, managerial, and other tasks.

9. In order to minimize the personal hardship that the Office Employees and Union Employees will suffer if prepetition employee-related obligations are not paid when due, and to maintain morale and essential personnel during this critical time, the Debtor hereby seeks authority, in its discretion, to pay and honor certain prepetition claims for wages ("<u>Wages</u>"), federal and state withholding taxes, and to pay all fees and costs incident to the foregoing, including amounts to its third-party payroll service, ADP.

10. In addition, to prevent a possible disruption in the Office Employees respective insurance coverage and other benefits, the Debtor requests that it be authorized, in its discretion, to continue to pay and honor certain prepetition employee benefits for health insurance, dental insurance, vision insurance, vacation and sick time, and life and disability insurance to its Office Employees (the "Office Employee Benefits").

11. Similarly, to prevent possible disruption in the Union Employees benefits, as established by the respective Collective Bargaining Agreement's (the "CBA"), the Debtor requests that it be authorized, in its discretion, to continue to pay and honor certain prepetition employee union dues for health insurance, vacation and sick time, and pension, and other benefits provided by the CBA to its Union Employees (the "Union Benefits").

12. Furthermore, the Debtor seeks authority to modify, change and discontinue any of the employment related policies, Wages, Office Employee Benefits or Union Benefits in the ordinary course of business during this Chapter 11 Case, in its discretion, without the need for further Court approval, but in accordance with the Bankruptcy Code Section 1113, if applicable.

13. Finally, the Debtor requests that banks and other financial institutions be authorized and directed to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing.

**I. EMPLOYEE COMPENSATION**

**A. Unpaid Compensation.**

14. The Debtor's weekly compensation to its Office Employees, including wages and salaries is approximately $20,021. The Office Employees are paid on a weekly basis, with each pay period starting on a Thursday and ending five (5) business days later on a Wednesday, with direct deposits or checks issued on the Friday following that week's pay period.

15. The Debtor's weekly compensation to its Union Employees, including regular and overtime wages and salaries is approximately $72,426.26. The Union Employees are paid on a weekly basis, with each pay period starting on a Thursday and ending five (5) business days later on a Wednesday, with direct deposits or checks issued on the Friday following that week's pay period.

16. The Debtor's total payroll, due to fund the Wages on September 17, 2010 covers the period of September 9, 2010 through and including September 15, 2010; and totals $92,247.26 in accrued Wages, all of which were earned by the Employees prior to the Petition Date (the "<u>Unpaid Compensation</u>"), as set forth in the summary annexed hereto as **Exhibit "A"**. The Debtor seeks authority, in its discretion, to pay such Unpaid Compensation to both the Office Employees and Union Employees.

17. In addition, the Office Employees are owed an additional $42,095.74 from the previous pay periods due to checks that have not yet been deposited or cleared from the Debtor's bank account prior to the Petition Date, as set forth in the summary annexed hereto as **Exhibit "B"**. Similarly, the Debtor believes that several of its Union Employees are owed additional sums from the previous pay periods due to checks that have not yet been deposited or cleared from the Debtor's bank account prior to the Petition Date, which are unknown and will be provided when obtained from the Debtor's banking institution.

18. Of all the Office Employees and Union Employees who may have Unpaid Compensation as of the Petition Date, only Michael Checchi exceeds the $11,725 priority cap contained in § 507(a)(4) of the Bankruptcy Code. However, at this time, the Debtor only seeks to pay the employees an amount not exceeding the § 507(a)(4) priority cap.

5

19. For the reasons discussed below, the Debtor is requesting authority to pay such Unpaid Compensation claims.

**B. <u>Continued Remittance and Payment of Withholding Taxes</u>.**

20. In connection with the payment of Wages, the Debtor routinely deducts certain amounts from the Office Employees and Union Employees paychecks for certain withholding taxes due to the applicable Federal, State and Local authorities ("<u>Withholding Taxes</u>"). In most instances, the Debtor's payroll processor, ADP, forwards these Withholding Taxes to various third-parties.

21. In connection with the Unpaid Compensation, the Withholding Taxes equal $33,471.46, as set forth in the summary annexed hereto as **Exhibit "C"**.

22. Accordingly, the Debtor seeks authority, in its discretion, to continue to forward these prepetition Withholding Taxes (which the Debtor holds in trust and does not believe constitute property of the Debtor's estate) to ADP on a postpetition basis, in the ordinary course of business, as routinely done prior to the Petition Date.

**C. <u>Continued Remittance and Payment of Union Deductions</u>.**

23. In connection with the payment of Wages to Union Employees, the Debtor is required to pay union dues that are deducted from each Union Employees' paycheck ("<u>Union Deductions</u>"). The Union Deductions cover all benefits that the Union Employees are entitled to according to their respective CBA's. In most instances, the Debtor's payroll processor, ADP, forwards these Union Deductions to various third-parties.

24. In connection with the Unpaid Wages, the Union Deductions equal $2,086.68.

25. Accordingly, the Debtor seeks authority, in its discretion, to continue to forward these prepetition Union Deductions (which the Debtor holds in trust and does not believe

constitute property of the Debtor's estate) to ADP on a postpetition basis, in the ordinary course of business, as routinely done prior to the Petition Date.

   D. **Continued Remittance and Payment of Other Employee Related Deductions.**

26. In connection with the payment of Wages to Office Employees and Union Employees, the Debtor routinely deducts certain amounts from paychecks, including, without limitation, direct banking deposits, payments, domestic support obligations, garnishments, etc. In most instances, ADP then forwards these deductions to various third-parties.

27. On average, the deductions equal approximately $225 in the aggregate for each pay period. However, due to the commencement of the Chapter 11 Case, some funds which were deducted from Office Employees and Union Employees earnings may not have been forwarded to the appropriate third-party recipients prior to the Filing Date. Accordingly, the Debtor seeks authority, in its discretion, to continue to forward these prepetition deductions (which the Debtor holds in trust and do not believe constitute property of the Debtor's estates) to the applicable third-party recipients on a postpetition basis, in the ordinary course of business, as routinely done prior to the Filing Date.

**II. EMPLOYEE BENEFITS**

28. The Debtor has established various plans and policies to provide its Office Employees with health benefits, dental and vision insurance coverage and other important benefits in the ordinary course of business. It is crucial that the Debtor be able to continue to provide these benefits to the Office Employees since the Office Employees rely on the provision of benefits as an incident of their employment. Disruption to the provision of benefits could cause the loss of critical Office Employees on which the Debtor relies.

**A. Health Benefits and Insurance Policy.**

29. Specifically, the Debtor provides it's Office Employees with coverage for medical insurance, dental insurance, and vision insurance; as well as long-term disability and life insurance coverage (the "Benefits").

30. By this Motion, the Debtor seeks authority, in its discretion, to (a) continue the Benefits for its Office Employees in the ordinary course of business on a postpetition basis, (b) modify its prepetition policies relating thereto as it deems appropriate, (c) continue to pay fees of third-party administrators, and (d) pay any amounts related thereto, including any premiums and claim amounts that accrued postpetition but relate to the prepetition period.

**B. Vacation Time, Holidays and Sick Days.**

31. The Debtor provides vacation time to all Office Employees ("Vacation Time"). Office Employee's employed for less than one-year are given one (1) week paid Vacation Time per year. Office Employee's employed for more than one-year and six months are given two (2) weeks paid Vacation Time per year. In addition, Office Employee's employed for more than twenty-five years are given three (3) weeks paid Vacation Time per year.

32. During Vacation Time, Employees are paid at their regular salaried rates.

33. Generally Office Employees are not required to work on federal or state holidays, including other holidays which the Union Employees are allowed to observe.

34. In the ordinary course of business, Office Employees are generally eligible to take unlimited paid sick day absences ("Sick Days") per calendar year, subject to approval by senior management. Employees generally cannot take pay in lieu of Sick Days.

35. By this Motion, the Debtor seeks authority, in its discretion, to (a) continue to honor its Vacation Time, holidays and Sick Days policies in the ordinary course of business, (b)

modify its prepetition policies relating thereto as it deems appropriate and (c) honor and pay any obligations related thereto that (i) accrued prepetition and (ii) accrued postpetition but relate to the prepetition period.

**BASIS FOR RELIEF**

**A. Ample Cause Exists For the Court to Authorize the Debtor to Pay Employee Wages and Honor Employee Benefits Programs.**

36. Pursuant to §§ 363(b) and 105(a) of the Bankruptcy Code, the Debtor seeks authority to continue its Office Employees and Union Employees compensation and benefit policies and programs on a postpetition basis, and to pay all of its obligations owed thereunder in the ordinary course of business as of the Filing Date, without regard to whether such obligations accrued before or after the Filing Date.

37. Courts in this district have routinely granted the relief requested herein. See, e.g., In re Dana Corp., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. March 3, 2006); In re Musicland Holding Corp., Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Feb. 1, 2006); In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Dec. 21, 2005); In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 13, 2005); In re Delta Air Lines, Case No. 05- 17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005).

38. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Code § 105(a) is frequently cited as a basis to authorize the relief sought herein. See, In re Chateaugay Corp., 80 B.R. 279, 287 (S.D.N.Y. 1987) (affirming a bankruptcy court order authorizing the debtor to pay prebankruptcy wages, salaries, employee benefits, reimbursements and workers' compensation claims and premiums).

9

39. The Court may also grant the relief requested herein pursuant to § 363 of the Bankruptcy Code which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In order to do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors," In re Ionosphere Clubs, Inc., 98 B.R. at 175.

40. This Court and other courts have authorized debtors to pay certain prepetition claims pursuant to § 363 of the Bankruptcy Code. See, In re Dana Corp., Case No. 06-10354 (BRL); In re Calpine Corp., Case No. 05-60200 (BRL). Here, the Debtor is a HVAC sheet metal sub-contracting company that relies heavily on its Office Employees and Union Employees to perform all of its important administrative and operational functions. The uninterrupted payment of Wages and benefits to the Office Employees and Union Employees is critical in order to maintain its personnel, bolster morale and move towards a successful reorganization. The Debtor submits that grounds exist to grant the request to pay prepetition amounts related to Wages, including Unpaid Compensation, Office Employee Benefits, and Union Benefits and Deductions while continuing to pay and honor the Debtor's policies and programs.

41. The Debtor also believes that the vast majority of the amounts related to Unpaid Compensation and benefits that it seeks to pay pursuant to this Motion are entitled to priority status under § 507(a)(4) of the Bankruptcy Code and do not exceed $11,725 for any individual employee. As such, the Debtor is required to pay these claims in full to confirm a plan of reorganization. See 11 U.S.C. § 1129(a)(9)(B) (requiring payment of certain allowed priority claims for wages, salaries, and commissions). Accordingly, granting the relief sought herein would only affect the timing, and not the amount, of the payment with respect to the Wages and benefits.

42. The Debtor's request for authorization to continue to honor and remit Office Employee Benefits and Union Employee Benefits, including payroll Withholding Taxes and Union Deductions should also be approved. Such deductions principally represent amounts withheld from an employee's earnings that governments levy a tax on and designate for deduction from each employee's paycheck, as well as union dues required by the Union Employees CBA. The failure to pay these benefits could result in hardship to all employees as well as administrative problems for the Debtor. The Debtor therefore requests authority to transmit such withheld amounts to the proper parties and authorities in the ordinary course of business.

43. Finally, the Debtor does not to seek to assume any executory contracts or obligations at this time, and therefore, nothing contained in this Motion should be deemed to be an assumption or adoption of any policy, procedure or executory contract that may be described or referenced herein. Also, the Debtor will retain the discretion to not make the payments contemplated by this Motion for particular Office Employees and Union Employees, and nothing in this Motion will, in and of itself, constitute a promise or guarantee of any payment to any employee.

### B. The Court Should Authorize the Debtor's Financial Institutions to Honor Checks and Electronic Fund Transfers Relating to Employee Wages and Benefits.

44. The Debtor requests that all applicable banks and other financial institutions be authorized and directed to receive, process, honor and pay all checks presented for payment, whether such checks were presented prior to or after the Filing Date.

45. In addition to paper checks, the Debtor requests that all applicable banks and other financial institutions be authorized and directed to receive, process, honor and pay all

electronic fund transfer requests whether such fund transfer requests were submitted prior to or after the Filing Date.

46. For the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interests of all parties in interest.

**REQUEST FOR A HEARING ON SHORTENED NOTICE**

47. Typically, a motion to use, sell or lease property of the estate is a twenty (21) day motion pursuant to Federal Rule of Bankruptcy Procedure 2002. However, the Federal Rules of Bankruptcy Procedure provide for a shortening of time under certain circumstances.

48. Federal Rule of Bankruptcy Procedure 9006(c) provides as follows:

(c) *Reduction.*

(1) *In General.* Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

(2) *Reduction Not Permitted.* The court may not reduce the time for taking action under Rules 2002 (a)(4) and (a)(8), 2003(a), 3002(c), 3014, 3015, 4001(b)(2), (c)(2), 4003(a), 4004(a), 4007(c), 8002, and 9033(b).

49. Thus, the Federal Rules of Bankruptcy Procedure specifically authorize the Court to hear an application such as the Application herein on shortened notice, for cause shown.

50. Furthermore, Bankruptcy Rule 6003(b) provides:

Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding…a motion to use, sell, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001.

51. The Debtor respectfully submits that sufficient cause exists for scheduling a hearing on shortened notice to consider the Motion, which is necessary to avoid immediate and

irreparable harm to the Debtor, and refers the Court to the Affidavit of Jonathan S. Pasternak, Esq. Pursuant to Local Bankruptcy Rule 9077-1 in support of an order scheduling hearing on shortened notice ("9077-1 Affidavit"), submitted herewith.

52. The Debtor has prepetition obligations in the form of Wages, Withholding Taxes, certain benefits, etc., that the Debtor provides to its Office Employees and Union Employees in the ordinary course of business, which remain unpaid. As described above, the Debtor's next regularly scheduled payroll contains five prepetition days of employment, and such payroll is scheduled to be distributed to its Office Employees and Union Employees on Friday, September 17, 2010. Of the total payroll to be paid on September 17, 2010, $92,447.26 is from the petition period, which *de minimis* amount does not exceed the priority cap the Employees are entitled to pursuant to § 507(a)(4) of the Bankruptcy Code. It is essential that the Debtor be authorized by the Court to distribute its payroll in the ordinary course of business, to avoid any unnecessary hardship to its Office Employees and Union Employees.

## WAIVER OF STAY

53. Federal Rule of Bankruptcy Procedure 6004(h) provides that "[a]n order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

54. The Debtor requests that the Court waive the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) to effectuate the relief requested in this Motion.

## RESERVATION OF RIGHTS

55. Notwithstanding anything in this Motion or the Order to the contrary, the payment of any claims pursuant to the Order (if entered by the Court) and other honoring of the Employee Wages and benefit claims shall neither (i) make such obligations administrative expenses of the

estates entitled to priority status under §§ 503 and 507 of the Bankruptcy Code nor (ii) constitute approval by this Court of any employee plan or program under any section of the Bankruptcy Code, including § 503(c). Also, the extent the Debtor seeks to assume any employee programs, prior to the confirmation of any plan of reorganization, the Debtor will seek such assumption by separate motion.

## **NOTICE**

56. This Motion will be served on the Debtor's five largest secured creditors, twenty largest unsecured creditors, all notices of appearance, the United States Trustee's Office, and any other parties entitled to notice pursuant to Bankruptcy Rule 2002(a).

## **NO PRIOR REQUEST**

57. No prior motion for the relief requested herein has been made to this Court or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the proposed Order, substantially in the form attached hereto as **Exhibit "D"**, (A) scheduling a hearing on shortened notice authorizing the Debtor to, (1) pay and honor certain prepetition claims for (i) wages, (ii) withholdings, (iii) union deductions, and (iv) other deductions ; (2) continue to provide employee benefits in the ordinary course of business; (3) pay all related costs and expenses; and (B) directing banks to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing; and (C) granting such other and further relief as the Court deems appropriate.

Dated: Harrison, New York
      September 16, 2010

                      RATTET, PASTERNAK & GORDON-OLIVER, LLP
                      Proposed Attorneys for the Debtor
                      550 Mamaroneck Avenue
                      Harrison, New York 10528
                      (914) 381-7400

                      By: */s/ Dawn K. Arnold*
                          Dawn K. Arnold