UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                              Chapter 11
                                                                   Case No. 10-14864 (MG)
OMC, INC.

                              Debtor.
-----------------------------------------------------------------X

**ORDER AUTHORIZING THE DEBTOR TO (1) PAY AND HONOR CERTAIN
PREPETITION CLAIMS FOR (I) WAGES, (II) WITHHOLDINGS, (III) UNION
DEDUCTIONS, AND (IV) OTHER DEDUCTIONS; (2) CONTINUE TO PROVIDE
EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS; AND (3) PAY
ALL RELATED COSTS AND EXPENSES; AND (B) DIRECTING BANKS TO
RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS PRESENTED FOR
PAYMENT AND ELECTRONIC PAYMENT
<u>REQUESTS RELATING TO THE FOREGOING</u>**

**UPON** consideration of the motion of the Debtor for entry of an order (A) scheduling a

hearing on shortened notice authorizing the Debtor to, (1) pay and honor certain prepetition

claims for (i) wages, (ii) withholdings, (iii) union deductions, and (iv) other deductions ; (2)

continue to provide employee benefits in the ordinary course of business; (3) pay all related costs

and expenses; and (B) directing banks to receive, process, honor and pay all checks presented for

payment and electronic payment requests relating to the foregoing (the "<u>Motion</u>")[1]; and it

appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its

creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core

proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for

objection having been given; and it appearing that no other notice need be given; and after due

deliberation and sufficient cause therefore, it is hereby:

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

**ORDERED,** that the Motion is granted to the extent herein; and it is further

**ORDERED,** that the Debtor is authorized, but not directed, to pay the prepetition Unpaid Compensation and such other amounts as set forth in Exhibit B to the Motion due to its employees as provided in the Motion; and it is further

**ORDERED,** that no one shall be paid any amount under this Order in excess of $11,725 for wages, salaries, commissions, including vacation, severance and sick leave pay earned; and it is further

**ORDERED,** that the Debtor is authorized, but not directed, to pay the prepetition Office Employee Benefits and Union Benefits and Union Deductions as provided in the Motion; and it is further

**ORDERED,** that the requirements of Bankruptcy Rule 6003 has been satisfied; and it is further

**ORDERED,** that the Debtor is authorized to continue to allocate and distribute the Union Deductions and the payroll taxes to ADP, as specifically set forth in the Motion or as required by applicable federal, state and local law, and directed to make such payments associated with the Debtor's payment of its prepetition wages and compensation; and it is further

**ORDERED,** that to the extent that checks are issued to Employees or other entities in connection with the Wages and benefit programs and policies authorized herein, the banks upon which any checks are drawn in payment thereof, either before, on or after the Filing Date, be, and hereby are, authorized to honor such checks upon presentation; and it is further

**ORDERED,** that all applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks evidencing amounts paid by Debtor under this Order whether presented prior to or after the Filing Date. Such banks and

financial institutions are authorized and directed to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this Order; and it is further

**ORDERED,** that any payment or transfer made or service rendered by the Debtor pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtor may have to dispute such obligation or an approval or assumption of any agreement, contract, or lease under § 365 of the Bankruptcy Code; and it is further

**ORDERED,** that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

**ORDERED,** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED,** that the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is waived.

Dated:  New York, New York
         September 17, 2010

                    ____/s/ Martin Glenn_____
                    HONORABLE MARTIN GLENN
                    UNITED STATES BANKRUPTCY JUDGE