UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                          Chapter 11
                                                Case No. 10-14864 (MG)
OMC, INC.

                                   Debtor.
------------------------------------------------------------X

**FINAL ORDER AUTHORIZING USE OF CASH
COLLATERAL BY DEBTOR PURSUANT TO 11 U.S.C. SECTION 363**

**UPON** the application ("Application") of OMC, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor") which seeks authority to, inter alia, use cash collateral in which Merrill Lynch Commercial Finance Corp. ("MLCFC") has asserted a perfected security interest pursuant to 11 U.S.C. Sections 363(c)(2) and 361 and Federal Rules of Bankruptcy Procedure 4001; and an interim hearing having been held on September 17, 2010 (the "Interim Hearing"), and an interim order having been entered by the Court on September 20, 2010; and a final hearing having been held on October 13, 2010 (the "Final Hearing"), and all objections to the Application having been withdrawn, overruled or resolved, and upon the record taken at the Interim and Final Hearings, and all of the pleadings heretofore filed in this proceeding, it is hereby found and determined as follows:

    A.   On or about September 15, 2010 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code"), and has continued in possession of its property and the management of its business pursuant to 11 U.S.C. §§1107 and 1108.

    B.   As of the date hereof, the Office of the United States Trustee has not appointed an

1

Official Creditors' Committee as provided for in Section 1102 of the Code. No trustee or examiner has been heretofore appointed in this proceeding.

C. The Debtor provides several HVAC services for general contractors, including drafting, fabrication and installation of sheet metal ductwork for commercial buildings. The Debtor principally operates in the New York Metropolitan area, and is located at 4010 Park Avenue, Bronx, New York 10457.

D. The Debtor stipulates that on or about July 19, 2000, the Debtor entered into a Loan and Security Agreement, as thereafter supplemented, modified, renewed, extended and/or amended from time to time, most recently on April 5, 2010, with MLCFC in which MLCFC extended credit to the Debtor in the total current approximate outstanding amount of $649,028.67 at a current rate equal to 6.2% plus the One-Month Libor and currently provides for amortized monthly payments in the amount of $52,000 per month.

E. The Debtor stipulates that the grant of security by the Debtor to MLCFC pursuant to the Loan and Security Agreement was perfected by the filing of a series of UCC-1 financing statements filed with the New York Secretary of State which have been continued and have not lapsed.

F. As of the Petition Date, the Debtor stipulates that it is indebted to MLCFC in the approximate amount of $649,028.67 plus applicable interest and attorneys' fees.

G. The use of the Debtor's personal property which constitutes MLCFC's collateral (the "Cash Collateral") is essential to the continued operation of Debtor's business, and the preservation of Debtor's estate.

H.  Continued use of the Cash Collateral during the Chapter 11 case is necessary to prevent immediate and irreparable harm to the Debtor's estate in that without authorization to use the Cash Collateral, the Debtor's ability to sustain its operations and meet its current necessary and integral business obligations will be impossible.

I.  The value of Debtor's estate will be maximized by the continuation of Debtor as a going business, and the use of the Cash Collateral is essential to such operation.

**BASED UPON THE FOREGOING,** it is hereby ORDERED as follows:

1.  The Application is GRANTED on a final basis.  Effective nunc pro tunc as of September 15, 2010 and continuing through and including the earlier to occur of (a) confirmation of a plan of reorganization in the Chapter 11 case, or (b) a Termination Event (as defined below) (the "Cash Collateral Period"), the Debtor is authorized to use the Cash Collateral on a final basis subject to the terms of this Order and substantially in accordance with the budget annexed hereto as Exhibit A, subject to a 10% variance or upon further consent of MLCFC or further order of this Court.

2.  This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §1334 and this is a "core" proceeding pursuant to 28 U.S.C. §157.  Venue is proper in this Court pursuant to 28 U.S.C. §1408.  Notice of relief sought herein was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(1)(A) and Fed. R. Bankr. P. 4001(b)(2).

3. In addition to the existing rights and interests of MLCFC in the Collateral and for the purpose of adequately protecting them from Collateral Diminution,[1] MLCFC is hereby granted replacement liens ("Replacement Liens"), to the extent that said liens were valid, perfected and enforceable as of the Petition Date in the continuing order of priority of its pre-petition liens without determination herein as to the nature, extent and validity of said pre-petition liens and claims and to the extent Collateral Diminution occurs during the Chapter 11 case, subject to: (i) the claims of Chapter 11 professionals duly retained in the Chapter 11 case and to the extent awarded pursuant to Sections 330 or 331 of the Code; (ii) United States Trustee fees pursuant to 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717 and any Clerk's filing fees; (iii) fees and expenses incurred in connection with any investigation of the nature, extent and validity of MLCFC's liens and security interests in an amount not to exceed $20,000; and (iv) the fees and commissions of a hypothetical Chapter 7 trustee in an amount not to exceed $20,000. In addition, the Replacement Liens granted hereby shall not attach to the proceeds of any recoveries of estate causes of action under Sections 542 through 553 of the Code. As further adequate protection of MLCFC's interests, the Debtor shall make, no later than the first (1st) day of each month covered hereunder, monthly payments of $10,000, commencing for the month of October, 2010, to MLCFC, to be applied first to interest under the contract rate of interest as set forth in the Loan Documents, and then to principal. Also, and until further order of this Court to the

---

[1] For purposes of this Order, "Collateral Diminution" shall mean any diminution in value of MLCFC's interests in Debtor's property as of the Filing Date by reason of Debtor's use of Cash Collateral in accordance with this Order.

contrary, Debtor shall provide a detailed report of accounts receivable aging to MLCFC and the United States Trustee on a semi-monthly basis, beginning with a report for the period ending September 15, 2010. In the reports, Debtor shall delineate which receivables may be subject to lien claims under Article 3-A of the New York Lien Law, and which receivables are for bonded jobs. Debtor shall also provide such other information reasonably required by MLCFC.

4. All of the Debtor's expenditures shall be specifically accounted for in detailed monthly reports which the Debtor shall file with the Bankruptcy Court and provide a copy of to the United States Trustee's Office, counsel for MLCFC and counsel to any official committee of unsecured creditors appointed in the Chapter 11 case no later than the twentieth (20th) of each successive month.

5. The Debtor and MLCFC agree that, except as otherwise provided herein, all of the terms and provisions of the MLCFC Loan Documents are deemed to be valid, binding and enforceable against the Debtor as if same had been re-executed by the Debtor and the MLCFC, subject to further Order of the Court.

6. The security interests and liens herein granted and regranted: (i) are and shall be in addition to all security interests, liens and rights of set-off existing in favor of the MLCFC on the Petition Date; (ii) shall secure the payment of indebtedness to MLCFC in an amount equal to the aggregate Collateral used or consumed by the Debtor; and (iii) shall be deemed to be perfected without the necessity of any further action by MLCFC or the Debtor. Without limitation, therefore, MLCFC shall not be required to file financing statements or other documents in any jurisdiction or take any other action to validate or perfect the liens and security interests granted by this Order.

7. MLCFC reserves its right to hereafter request additional adequate protection and to object to the adequacy of the adequate protection granted herein.

8. The Debtor shall maintain all necessary insurance, including, without limitation, life, fire, hazard, comprehensive, public liability, and workmen's compensation as may be currently in effect, and obtain such additional insurance in an amount as is appropriate for the businesses in which the Debtor is engaged. The Debtor shall provide MLCFC with proof of all such coverage, as well as prompt notification of any change in such coverage which may hereafter occur.

9. Notwithstanding anything to the contrary in this Order, the Debtor's authority to use the Collateral pursuant to this Order shall terminate immediately and automatically, (a) upon the fifth (5th) business day following the delivery of written notice to the Debtor, its bankruptcy counsel, counsel to any official committee of unsecured creditors or, if no committee has been appointed, then to the Debtor's 20 largest unsecured creditors, and the Office of the United States Trustee, by MLCFC of any breach or default by the Debtor of the terms and provision of this Order, unless the Debtor shall have cured such breach or default within such five (5) business day period, or (b) without notice of any kind upon the entry of an order of the Court providing for the dismissal or conversion of the Chapter 11 case to a Chapter 7 case or appointment of a trustee without the written consent of MLCFC ("Termination Event").

10. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court with the consent of MLCFC and the Debtor. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the

validity and enforceability of any lien, priority or benefit, or application of payment authorized hereby with respect to any indebtedness of the Debtor to MLCFC.

11. The findings contained in this Order are binding upon the Debtor and all parties in interest (including but not limited to any statutory committee appointed in the chapter 11 case), and any application of Collateral under this Order shall be indefeasible, unless (a) an adversary proceeding or contested matter challenging the validity, enforceability or priority of the Collateral, the prepetition obligations to MLCFC (the "Prepetition Obligations"), the Replacement Liens, or the liens securing the Prepetition Obligations (the "Prepetition Liens") is properly commenced no later than ninety (90) days from the entry of this Order, and (b) a final order is entered in favor of the plaintiff or movant in any such timely and properly filed adversary proceeding or contested matter. If no such adversary proceeding or contested matter is properly commenced as of such date, the Collateral and the Prepetition Obligations shall constitute allowed claims for all purposes in the chapter 11 case and any subsequent Chapter 7 case, the Replacement Liens and the Prepetition Liens shall be deemed legal, valid, binding, perfected, and the Collateral, the Prepetition Obligations, the Replacement Liens, and the Prepetition Liens shall not be subject to avoidance or any other similar challenge by any party in interest seeking to exercise the rights of the Debtor's estate, including, without limitation, and successor(s) thereto. If any such proceeding or contested matter is properly commenced, the Bankruptcy Court shall determine the validity, enforceability, and priority of the Collateral, the Prepetition Obligations, the Replacement Liens and the Prepetition Liens, but only with respect to and to the extent of the objections raised in such adversary proceeding or contested matter, and all other matters and objections not raised in such adversary proceeding or contested matter

shall be deemed forever waived.

12. This Order shall be binding upon any subsequently appointed or elected trustee in a successor case under Chapter 7 of the Code.

13. The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining to this Order.

Dated: New York, New York
October 13, 2010

                                                  **/s/Martin Glenn**
                                                    MARTIN GLENN
                                         United States Bankruptcy Judge